UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID OOLEY,

    Plaintiff,

v.                                                    CASE No. 8:10-CV-2292-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and no reversible error has been shown, the decision will not be reversed. However, because the plaintiff has submitted new and material evidence to this court, a remand is warranted pursuant to the sixth sentence of 42 U.S.C. 405(g).

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was fifty-four years old at the time of the administrative decision and who has a tenth grade education, has worked as a mechanic and maintenance person (Tr. 37, 39, 56). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to spinal disease, two cracked vertebrae in his neck, back problems, and Hepatitis C (Tr. 178). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "left shoulder, back and neck pain due to degenerative disc disease and Hepatitis C" (Tr. 14). The law judge concluded that these impairments restricted the plaintiff to light work that does not involve ladders, scaffolds, unprotected heights, and dangerous machinery with the additional limitations of only occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 15-16). Further, the law judge found that the plaintiff is able to push and pull, but that he would be limited in his ability to reach overhead (Tr. 16). The law judge determined, based upon the

testimony of a vocational expert, that, despite these limitations, there were jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as small parts assembler, fast food worker, and cashier (Tr. 19). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

The plaintiff then sought review of the Commissioner's decision in this court. After the parties had filed their memoranda regarding the decision, the plaintiff filed a Motion for Remand Under Sentence Six of 45 [sic] U.S.C. §405(g) based upon a psychological evaluation that apparently resulted in an award of benefits (Doc. 24). The Commissioner filed a response opposing the remand (Doc. 25).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff has asserted two challenges which focus on the law judge's determination that the plaintiff is not more limited in his ability to reach than reaching overhead. The plaintiff contends that the law judge should have found a greater reaching limitation and included that restriction

in a hypothetical question to the expert. Neither of the challenges warrants reversal.

The plaintiff argues that the law judge erred in failing to find, based on the opinion of a nonexamining reviewing physician, that his ability to reach is limited in all directions, not just overhead (Doc. 22, p. 6). On July 24, 2008, Dr. Ronald Kline filled out a Physical Residual Functional Capacity Assessment form in which he marked a box indicating that the plaintiff was limited in "[r]eaching all directions (including overhead)" (Tr. 241). The plaintiff contends that the law judge "failed to provide a basis upon which a court could find that there was substantial evidence upon which to base his decision that Plaintiff did not have a limitation in his ability to reach in **all** directions" (Doc. 22, p. 7) (emphasis in original).

However, Dr. Kline did not simply indicate that the plaintiff was limited in "[r]eaching all directions (including overhead)." Rather, in accordance with the form's instruction to explain "how the activities checked 'limited' are impaired," Dr. Kline clarified that the reaching restriction applied only to the plaintiff's left upper extremity which was limited to reaching frequently or, two-thirds of the workday (Doc. 23, pp. 7-8; see Tr.

241). Thus, he wrote "reaching left dec[reased] to freq. use (2/3)" (Tr. 241). The plaintiff did not even mention this clarification. Consequently, his challenge to the law judge's finding regarding a reaching restriction does not accurately reflect Dr. Kline's more limited opinion (id.).

Regardless, the law judge did not include in his residual functional capacity finding a limitation to only frequent reaching with the left arm, nor did he explain why he did not. However, even if this failure was error, it was harmless.

In a hypothetical question posed to the vocational expert at the hearing, plaintiff's counsel included a limitation of occasional reaching with the plaintiff's non-dominant left arm, which is even more restrictive than Dr. Kline's limitation to frequent reaching with the left arm (Tr. 63). In response to that hypothetical question, the vocational expert, who had testified that the plaintiff without a reaching limitation could perform the jobs of small parts assembler, fast food worker, and cashier, stated that the limitation to occasional reaching with the left hand would only eliminate the job of small parts assembler, and that the plaintiff could still perform the jobs of fast food worker and cashier (id.). Therefore, even if the law judge erred by not

including in his residual functional capacity and in his hypothetical question Dr. Kline's restriction to frequently reaching with the left arm, that would not change the outcome since the plaintiff could still perform two of the three types of jobs identified by the vocational expert. Caldwell v. Barnhart, 261 Fed. Appx. 188, 190 (11th Cir. 2008)(unpub. dec.).

IV.

As indicated, the plaintiff has moved for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g) based upon the submission of new and material evidence. In this respect, the plaintiff states that, after the law judge's unfavorable decision in this case on January 19, 2010, he filed on February 4, 2010, a new application for supplemental security income benefits. In connection with that application, the plaintiff was sent by the Social Security Administration for a consultative psychological evaluation by Don DelBeato, Ph.D., on April 22, 2010.

Dr. DelBeato submitted a report to the Social Security Administration which stated that the plaintiff suffers from "[m]ajor depression-recurrent-moderate to severe," that he has a Global Assessment of Functioning of 50, that the "[p]rognosis for rehabilitation to a stable and

gainful employment is poor," and that "[t]he patient has a major depression that presents as a significant barrier to employment" (Doc. 24-1, pp. 2-3).

The plaintiff's claim for supplemental security income was denied initially. However, the claim was granted on reconsideration. The notice of award stated that "[y]ou were found disabled in January 2010" (Doc. 24-2, p. 3), which was the same month as the law judge's decision. The plaintiff predicates his motion to remand upon the award and Dr. DelBeato's opinion.

A federal court is authorized, in the sixth sentence of 42 U.S.C. 405(g), to remand a case upon "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Milano v. Bowen, 809 F.2d 763, 766 n.2 (11th Cir. 1987). Evidence is material if there is a reasonable possibility that it will change the administrative result. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). Where, as here, the final administrative decision was rendered by the law judge, the new evidence must relate to the period before the law judge's decision. Leiter v. Commissioner of Social Security Administration, 377 Fed. Appx. 944, 950 (11th Cir. 2010)(unpub.

dec.); Vlamakis v. Commissioner of Social Security, 172 Fed. Appx. 274, 277 (11th Cir. 2006)(unpub. dec.).

The evidence from Dr. DelBeato is clearly new and not cumulative. The record does not contain any psychological evaluation from a psychiatrist or psychologist.

The criterion for determining if the evidence is material is whether there is a reasonable possibility that the evidence will change the administrative result. See, e.g., Milano v. Bowen, supra, 809 F.2d at 766. The standard is not, as the Commissioner asserts, whether there is a reasonable probability of a different result (see Doc. 25, p. 2). There is a significant difference between a "reasonable possibility" and a "reasonable probability," and the plaintiff only has to show the former with respect to a motion to remand.

The Commissioner argues on several grounds that Dr. DelBeato's opinion should not be given outcome-changing weight (id., pp. 2-9). Those arguments would not be without force if they are subsequently reflected in a law judge's assessment discounting Dr. DelBeato's opinion. However, the issue now is not whether a law judge's assessment discounting

the opinion would be reasonable, but whether there is a reasonable possibility that a law judge would accept it.

The answer to that is shown by the notice of award of benefits. As indicated, that notice stated that "[y]ou were found disabled in January 2010" (Doc. 24-2, p. 3). Thus, a claims adjudicator, who was presumably trained and experienced in resolving claims under Social Security law, concluded that the plaintiff was disabled in January 2010. Importantly, there is not the slightest suggestion that, between January 19, 2010, when the law judge rendered his decision, and the end of that month, there was any incident that affected the plaintiff's psychological condition. Therefore, in light of the finding by the Social Security Administration that the plaintiff was disabled as of January 2010, there is at least a reasonable possibility that on remand the Commissioner would find the plaintiff disabled prior to January 19, 2010. Consequently, the new evidence is material.

The Commissioner also argues that the plaintiff has not shown good cause for not introducing the evidence at the administrative level. This requirement is ordinarily shown by demonstrating that the evidence was not in existence prior to the administrative decision. Archer v. Commissioner of

Social Security, 176 Fed. Appx. 80, 82 n.3 (11th Cir. 2006)(unpub. dec.). That is the situation here, since Dr. DelBeato's report was prepared in April 2010.

The Commissioner contends, however, that the plaintiff, apparently at his own expense, should have obtained a psychological evaluation prior to the time of the law judge's decision. The Commissioner, however, cites no authority for this proposition. Moreover, the record contains indications that the plaintiff was impecunious and was not able to afford such an evaluation. In all events, this was not a situation where the plaintiff was sandbagging. Accordingly, the plaintiff has shown good cause for not submitting Dr. DelBeato's report during the administrative proceedings in this case.

For these reasons, the plaintiff has satisfied the requirements for a remand pursuant to sentence six of 42 U.S.C. 405(g).

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is supported by substantial evidence and does not contain reversible error. However, pursuant to the

sixth sentence of 42 U.S.C. 405(g), this matter is REMANDED to the Commissioner of Social Security for further action, including the taking of additional evidence. The Clerk shall CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of October, 2011.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE