UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID A. OOLEY                         :
                                       :
          Plaintiff,                   :
                                       :
v.                                     : CASE No. 8:10-CV-2292-T-TGW
                                       :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,       :
                                       :
          Defendant.                   :

## ORDER

This cause came on for consideration upon the Plaintiff's Petition for Attorney Fees (Doc. 30) filed by counsel for the plaintiff on March 8, 2013. Having considered the application, the defendant's opposition, the plaintiff's reply, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $507.50 in fees and $350.00 in costs.

The applicant represented the plaintiff in this action seeking reversal of a denial of social security disability benefits and supplemental security income payments (Doc. 22). Subsequently, the plaintiff filed a Motion to Remand under Sentence Six of 4[2] U.S.C. 405 (g)(Doc. 24). The matter was remanded to the Social Security Administration pursuant to the sixth sentence

of 42 U.S.C. 405(g) for the consideration of new and material evidence (Doc. 26). However, the Commissioner's decision was not reversed because it was supported by substantial evidence and the plaintiff did not show reversible error (id.). Judgment was entered accordingly in favor of the plaintiff on December 10, 2012 (Doc. 29). The plaintiff then filed this application for attorney's fees and costs under the EAJA (Doc. 30). The defendant opposes the motion on the ground that the majority of attorney hours were spent drafting the memorandum to reverse the Commissioner's decision, which was unsuccessful (Doc. 31). The applicant filed a reply to the defendant's objection in which he agrees to reduce his request for reimbursement of time by 20 hours (Docs. 32, 33).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant originally requested an award of attorney's fees in the amount of $4,284 for 2.9 hours of service before the court in 2010 at an hourly rate of $180.59, and 20 hours in 2011 at a rate of $180.59, by attorney Michael A. Steinberg (Doc. 30-1).* As indicated, the applicant has agreed to reduce by 20

---

*Although the memorandum states 21 hours of work was done in this case in 2011 (Doc. 30, pp. 2-3), the itemization of services reflects 20 hours of work for that year

hours the requested attorney time, which totals 22.9 hours (Doc. 33). This results in an award of 2.9 hours of attorney work. This is a reasonable award under these circumstances of this case. Notably, the defendant had requested the reduction of 20 hours (Doc. 31).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $180.59 per hour for work performed in 2011 (Doc. 30, p. 2). As counsel has been advised previously, the request for more than $178.00 per hour for services performed in 2011 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $180.59 per hour for work performed in 2011, when $178.00 is the maximum rate for criminal defense lawyers appointed to defend capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing

---

(Doc. 30-1). The requested time is reduced accordingly.

the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for an hourly rate of $180.59 per hour for work performed in 2011 is unreasonable.

As I have already done in other cases making a similar request, I will award a rate of $175.00 per hour for work performed during 2011, although that is only a few dollars per hour less than was paid for work defending capital cases those years.

For the foregoing reasons, the Plaintiff's Petition for Attorney Fees (Doc. 30) is hereby **GRANTED to the extent** that the plaintiff is hereby awarded the amount of **$507.50** in an attorney's fee, and $350.00 in costs pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 12th day of April, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE